UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOMO CARTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2407** |
| **DARRELL VANNOY, WARDEN** | **SECTION "B" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.   Factual and Procedural Background

The petitioner, Jomo Carter ("Carter"), is a convicted inmate currently incarcerated in the Dixon Correctional Institute in Jackson, Louisiana.[2] On May 18, 2009, Carter was charged by Bill of Information in Jefferson Parish with one count of possession with intent to distribute marijuana, one count of possession with intent to distribute MDMA (3,4-methylenedioxy-methamphetamine a/k/a ecstacy), one count of possession with intent to distribute cocaine, and one count as a felon in possession of a weapon.[3] He entered a plea of not guilty to the charges June 3, 2009.[4] The State

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 3.

[3] St. Rec. Vol. 1 of 5, Bill of Information, 5/18/09.

[4] St. Rec. Vol. 1 of 5, Minute Entry, 6/3/09.

entered a nolle prosequi on April 28, 2010, dismissing the second count charging possession with intent to distribute MDMA.

The record reflects that Detective Joseph Blackledge and several other officers with the Kenner Police Department began surveillance at 2628 Phoenix Street in Kenner for suspected drug activity.[5] The officers observed a man, identified as Carter, walk to and from the driveway of the home while meeting with several other men and engaging in hand-to-hand transactions. The officers also saw Carter go from inside the house to the rear of a car parked in the driveway. During the surveillance, the vehicle in the driveway never moved and appeared to be inoperable because of the deflated tires and accumulation of debris around the area. In addition, there was no license plate on the car and the officers discovered that the vehicle was not registered to Carter.

On April 1, 2009, the officers executed a search of the home and the car. Detective Blackledge focused on the trunk of the vehicle, where he frequently observed Carter standing with the trunk open. Carter saw the officers approaching and threw a white plastic grocery bag into the trunk and slammed the trunk lid shut. To confirm his suspicions, Detective Blackledge called for the certified narcotics K-9 dog to sniff the vehicle and the dog alerted to the rear section of the car. Detective Blackledge detained Carter while other officers detained a female, who was also outside with Carter. Carter complied with the detective's instruction and discarded the keys to the car. Detective Blackledge advised Carter of his rights and retrieved the keys.

When Detective Blackledge opened the trunk, he retrieved the white plastic grocery bag, along with other items, including a digital scale, a loaded .380 handgun, and a rifle. The grocery

---

[5]The facts were taken from the published opinion of the Louisiana Fourth Circuit Court of Appeal on direct appeal. *State v. Carter*, 75 So.3d 1, 3-6 (La. App. 5th Cir. 2011); St. Rec. Vol. 3 of 5, 5th Cir. Opinion, 10-KA-973, pp. 4-6, 8/30/11.

bag and the sandwich bags within it were found to contain 432.93 grams of marijuana and 18.68 grams of crack cocaine. The officers also recovered a second grocery bag within which were several sandwich bags, each holding small portions of marijuana totaling another 77.33 grams. A third grocery bag also held ten sandwich bags containing small portions of marijuana which totaled another 262.89 grams.

Carter was tried before a jury on April 28, 2010, and was found guilty as charged on the three remaining counts.[6] At a hearing held April 29, 2010, the Trial Court denied Carter's motion for a new trial.[7] After waiver of legal delays, the Trial Court sentenced Carter to serve concurrent terms of twenty-five (25) years in prison at hard labor on count one and twenty-five years in prison at hard labor on count three, with the first two years to be served without benefit of parole, probation, or suspension of sentence.[8] The Trial Court also sentenced Carter to serve a consecutive sentence of forty (40) years at hard labor on count four.

The Court held a hearing on June 14, 2010, on the State's multiple offender bill charging Carter as a fourth felony offender.[9] Carter entered a plea of guilty as a third felony offender in connection with count three, possession with intent to distribute cocaine.[10] The Court vacated the prior sentence on that count and sentenced Carter as third offender to serve twenty-five (25) years

---

[6]St. Rec. Vol. 1 of 5, Trial Minutes (3 pages), 4/28/10; Juey Verdict, 4/28/10; Trial Transcript, 4/28/10; St. Rec. Vol. 2 of 5, Trial Transcript (continued), 4/28/10.

[7]St. Rec. Vol. 1 of 5, Sentencing Minutes, 4/29/10; Motion for New Trial, 4/29/10; St. Rec. Vol. 2 of 5, Sentencing Transcript, 4/29/10.

[8]St. Rec. Vol. 1 of 5, Sentencing Minutes, 4/29/10; St. Rec. Vol. 2 of 5, Sentencing Transcript, 4/29/10.

[9]St. Rec. Vol. 1 of 5, Multiple Offender Sentencing Minutes, 6/14/10; Multiple Bill, 6/14/10.

[10]St. Rec. Vol. 1 of 5, Waiver of Rights Plea of Guilty Multiple Offender, 6/14/10.

at hard labor to be served without benefit of parole, probation, or suspension of sentence and to run concurrent to the sentence on count one and consecutive to the sentence on count four.

On direct appeal to the Louisiana Fifth Circuit Court of Appeal, Carter's appointed counsel asserted two errors:[11] (1) it was error to deny the motion to suppress where the search of the car trunk was beyond the scope of the warrant; and (2) it was error to charge the jury that a less than unanimous verdict was sufficient to convict Carter on an offense punishable by hard labor. On his own behalf, Carter asserted the following errors:[12] (1) the State knowingly relied on false information from Detective Blackledge as obtained from a confidential informant; (2) the State knowingly allowed false testimony from Detective Blackledge that the confidential informant bought $20 worth of rock cocaine from Carter.

On August 30, 2011, the Louisiana Fifth Circuit affirmed Carter's convictions and sentences. The Circuit Court held that the challenge to the motion to suppress and the jury charge were procedurally improper having not been preserved for appeal, and otherwise lacked merit.[13] The Circuit Court also determined that the two prosecutorial misconduct claims raised by Carter were not preserved by contemporaneous objection, citing La. Code Evid. art. 103(A)(1) and La. Code Crim. P. art. 841(A), and that the claims were otherwise without merit.[14]

---

[11]St. Rec. Vol. 2 of 5, Appeal Brief, 10-KA-0973, 12/13/10.

[12]St. Rec. Vol. 2 of 5, *Pro Se* Supplemental Brief, 10-KA-0973, 1/28/11.

[13]*Carter*, 75 So.3d at 1; St. Rec. Vol. 3 of 5, 5th Cir. Opinion, 10-KA-973, 8/30/11.

[14]The Court also remanded certain inconsistencies in the sentencing minutes and commitment order to be corrected by the Trial Court.

On February 10, 2012, the Louisiana Supreme Court denied Carter's related writ application without stated reasons.[15] Carter's convictions and sentences became final ninety (90) days later, on May 10, 2012, when he did not file a writ application with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

On February 26, 2013, Carter submitted an application for post-conviction relief to the Trial Court in which he asserted the following grounds for relief:[16] (1)(a) counsel provided ineffective assistance where he (i) failed to investigate errors in the search warrant, (ii) failed to file a pretrial motion to sever the offenses, (iii) failed to object that other crimes evidence was inadmissible, (iv) failed to object to the State's failure to lay a proper foundation for the admission of certain evidence, and (v) failed to file for disclosure of the confidential informant to preserve the right to confrontation; (b) he is entitled to an evidentiary hearing on the ineffective assistance of counsel claims; (2) his continued incarceration violates due process where he was denied effective assistance of counsel; and (3) the cumulative effect of the errors alleged violate the constitution.

After receiving a response from the State, the Trial Court denied the application on May 20, 2014, finding no merit in the claims.[17] The Louisiana Fifth Circuit denied Carter's related writ

---

[15]*State v. Carter*, 80 So.3d 469 (La. 2012); St. Rec. Vol. 3 of 5, La. S. Ct. Order, 2011-KO-2060, 2/10/12; La. S. Ct. Letter, 2011-KO-2060, 9/22/11; St. Rec. Vol. 5 of 5, La. S. Ct. Writ Application, 11-KO-2060, 9/22/11 (dated 9/20/11)

[16]St. Rec. Vol. 3 of 5, Uniform Application for Post-Conviction Relief, 3/5/13 (dated 2/26/13).

[17]St. Rec. Vol. 3 of 5, Trial Court Order, 5/20/13; State's Response, 6/27/13.

application finding no error in the Trial Court's ruling.[18]  Carter did not seek further review of this ruling.

## II.     Federal Petition

On November 10, 2014, the Clerk of this Court filed Carter's petition for federal habeas corpus relief in which he raised the following grounds for relief:[19] (1) it was error to deny the motion to suppress where the search of the car trunk was beyond the scope of the warrant; (2) it was error to charge the jury that a less than unanimous verdict was sufficient to convict Carter on an offense punishable by hard labor; (3) the State knowingly relied on false information from Detective Blackledge as obtained from a confidential informant; (4) the State knowingly allowed false testimony from Detective Blackledge that the confidential informant bought $20 worth of rock cocaine from Carter.  Carter listed a fifth issue that was cumulative and repetitive of the issues identified as three and four above.

The State filed a response in opposition to Carter's petition conceding its timely filing and exhaustion of state court remedies on the issues raised.[20]  The State argues that four of Carter's claims are in procedural default under state law and the second claim is meritless.  As an alternative to the procedural default defense, the State also argues that the first claim is not cognizable on federal habeas review and claims three through five are without merit.

---

[18]St. Rec. Vol. 4 of 5, 5th Cir. Order, 14-KH-509, 7/22/14; St. Rec. Vol. 5 of 5, 5th Cir. Writ Application, 14-KH-509, 7/15/14.

[19]Rec. Doc. No. 3.

[20]Rec. Doc. No. 16.

### III.  General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[21] applies to this petition, which is deemed filed in this court under the federal mailbox rule on October 9, 2014.[22]

The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default." *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).  As indicated above, the State concedes and the record demonstrates that Carter's federal petition was timely filed and state remedies were exhausted.  The State has urged, however, that Carter's first, third, fourth and fifth claims are in procedural default having been barred from review by the state courts.  For the reasons that follow, the Court finds that each of Carter's claims is in procedural default and barred from federal habeas review.

### IV.  Procedural Default

As outlined above, each of Carter's claims were procedurally barred from review in the state courts.  The State has recognized that four of the five claims asserted by Carter were procedurally

---

[21]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[22]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of this Court filed Carter's federal habeas petition on November 10, 2014, when pauper status was granted following correction by him of certain deficiencies.  Carter dated the petition on October 9, 2014, which is the earliest date appearing in the record on which he could have delivered the pleadings to prison officials for mailing to the Court.

barred for lack of a contemporaneous objection to preserve review for appeal under Louisiana law. A careful review of the Louisiana Fifth Circuit's opinion on direct appeal actually reflects that all of Carter's arguments were found to be procedurally improper, having been raised for the first time on appeal without being preserved for appellate review by a contemporaneous objection at trial as required by La. Code Crim. P. art. 841, and additionally La. Code Crim. P. art. 103.

In addition to the rulings recited by the State in its opposition memorandum, the record reflects that the Louisiana Fifth Circuit also found that Carter's second claim, related to the jury charge on a non-unanimous verdict, to be procedurally improper having been raised on appeal for the first time. As it did with the other procedurally barred claims, the Court alternatively addressed the merits after stating, "Even <u>assuming</u> the assignment is before us, it lacks merit."[23] (emphasis added). The Louisiana Fifth Circuit's decision constituted the last reasoned opinion in the state courts. *See Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991) (holding when the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion).

The United States Fifth Circuit Court of Appeals has stressed that a federal habeas court should determine as a threshold matter whether procedural default has occurred on any asserted claim. *Nobles*, 127 F.3d at 420. When faced with an unclear state court opinion, the Court should consider three factors to resolve whether the ruling was procedural or merits based: (1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and (3) whether the state

---

[23]*Carter*, 75 So.3d at 5; St. Rec. Vol. 3 of 5, 5th Cir. Opinion, 10-KA-973, p. 8, 8/30/11.

courts' opinions suggest reliance upon procedural grounds rather than a determination on the merits. *See Woodfox v. Cain*, 609 F.3d 774, 796 (5th Cir. 2010) (quoting *Mercadel v. Cain*, 179 F.3d 271, 274 (5th Cir. 1999); *see also*, *Woodfox v. Cain*, 772 F.3d 358, 371 (5th Cir. 2014).

In Carter's appeal, the Louisiana Fifth Circuit had already referenced the regularly imposed prohibition under state law for an appellant to raise an issue on direct appeal for the first time. The Court recognized the default and repeatedly applied this bar, and other similar rules, to reject Carter's claims as procedurally defaulted. The state appellate court's finding of procedural default prevails over the alternative discussion of the merits of the claim. *See Robinson v. Louisiana*, No. 13-30016, 2015 WL 1323334, at *4 (5th Cir. Mar. 25, 2015) (citing *Woodfox*, 609 F.3d at 796).

The State has inexplicably overlooked this point in arguing the procedural default of the other claims. The State, however, has not expressly indicated any intent to forego the procedural bar imposed on this claim by the state courts. The Fifth Circuit has stated that, where there is no express waiver, "[a] district court may, in its discretion, raise the affirmative defense of procedural default in habeas proceedings sua sponte." *Prieto v. Quarterman*, 456 F.3d 511, 518 (5th Cir. 2006) (citing *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998)). When the Court exercises its discretion to do so *sua sponte*, it must assure that the petitioner has notice that the issue is being considered. *Fisher v. Texas*, 169 F.3d 295, 301 (5th Cir. 1999); *Magouirk*, 144 F.3d at 358. Carter therefore is placed on notice by this Report and Recommendation that the Court is raising procedural default as to the second claim, in addition to the State's defense to the other claims, and he will have an opportunity to specifically object to the procedural default ruling.

Accordingly, **petitioner is hereby specifically advised and instructed that this report and recommendation is notice to him that this Court is *sua sponte* raising the issue of procedural**

**default of the second claim and that petitioner must submit any evidence or argument concerning the default as part of any objections he may file to this report.** *Magouirk*, 144 F.3d at 350, 360.

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state law ground that is both independent of the merits of the federal claim and adequate to support that judgment. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997), *cert. denied*, 523 U.S. 1125 (1998); *Amos v. Scott*, 61 F.3d 333, 338 & n.15 (5th Cir. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262 (1989)). The "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or post-conviction review. *Coleman*, 501 U.S. at 731-32; *Amos*, 61 F.3d at 338. This type of procedural default will bar federal court review of a federal claim raised in a habeas petition when the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902. Federal review is barred even if the state court alternatively address the merits. *See Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (citing *Harris*, 489 U.S. at 264 n.10). The Court will consider whether the bar to review relied upon by the Louisiana courts prohibits consideration of the claims on federal habeas corpus review.

    **A.**    <u>**Independent and Adequate State Grounds**</u>

A dismissal is independent of federal law when the last state court "clearly and expressly" indicated that its judgment rests on a state procedural bar. *Amos*, 61 F.3d at 338. In addition, it also is well settled that "[a] state court expressly and unambiguously bases its denial of relief on a state

procedural default even if it alternatively reaches the merits of a [petitioner's] claim." *Fisher*, 169 F.3d at 300. For the reasons set forth above, the Court here needs only to consider the state courts' procedural basis for denial of relief.

The question of the adequacy of a state procedural bar is itself a federal question. *Beard v. Kindler*, 558 U.S. 53, 60 (2009) (citing *Lee v. Kemna*, 534 U.S. 362, 375 (2002)). To be adequate, the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. *Walker v. Martin*, 562 U.S. 307, 131 S. Ct. 1120, 1127-28 (2011); *Glover*, 128 F.3d at 902. A state procedural rule, however, "can be 'firmly established' and 'regularly followed,' - even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard*, 558 U.S. at 60 (citations omitted) .

In evaluating the adequacy of the rules applied to bar a petitioner's claim, a federal habeas court does not sit to correct errors made by state courts in interpreting and applying state law. *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) and *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)) (citing *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996)); *accord Turner v. Johnson*, 46 F. Supp. 2d 655, 674 (S.D. Tex. 1999). Rather, a federal court's analysis focuses on due process considerations, and due process requires only that the Court grant the writ when the errors of the state court make the underlying proceeding fundamentally unfair. *See Neyland v. Blackburn*, 785 F.2d 1283, 1293 (5th Cir. 1986) (citing *McAffee v. Procunier*, 761 F.2d 1124, 1126 (5th Cir. 1985) and *Lane v. Jones*, 626 F.2d 1296 (5th Cir. 1980)). In keeping with this, a state procedural rule that is applied arbitrarily or in an unexpected manner may be considered inadequate to prevent federal review. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996); *Prihoda v. McCaughtry*, 910 F.2d 1379, 1383 (7th Cir. 1990).

> A federal court may not second-guess a state court's rule of procedure, but must evaluate whether the rule was actually applicable on the particular facts of the case. Otherwise, state courts could disregard federal rights with impunity simply by using the word "waived."

*United States ex rel. Bradley v. Clark*, No. 99-C-1785, 2002 WL 31133094, at *4 n.2 (N.D. Ill. July 18, 2002).

For this reason, when state courts apply a procedural bar that has no foundation in the record or basis in state law, federal courts need not honor that bar. *See e.g.*, *Davis v. Johnson*, No. 00CV684-Y, 2001 WL 611164, at *4 & n.10 (N.D. Tex. May 30, 2001); *Johnson v. Lensing*, No. 99-0005, 1999 WL 562728, at *4 (E.D. La. Jul. 28, 1999) (stating Art. 930.8 bar was not adequate because it was not properly applied under the circumstances of the case); *Poree v. Cain*, No. 97-1546, 1999 WL 518843, at *4 (E.D. La. Jul. 20, 1999) (Mentz, J.) (stating Art. 930.8 was not adequate to bar review because it was misapplied). However, it is <u>not</u> within the federal court's province to disagree with the application of the bar; it is only to determine its adequacy. *Lee v. Cain*, No. 03-2626, 2004 WL 2984274, at *1 n.2 (E.D. La. Dec. 6, 2004) (Vance, J.) (addressing Art. 930.3 as applied to an ineffective assistance of counsel claim). Thus, where such a foundation and basis does exist, as it does in this case, the bar must stand.

In this case, the Louisiana Fifth Circuit relied upon La. Code Crim. P. art. 841(A) and La. Code Evid. art. 103(A) to support its finding that Carter's claims were not preserved for appellate review because he failed to lodge the required contemporaneous objections at trial or before. Under La. Code Crim. P. art. 841(A) "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." Similarly, under La. Code Evid. art. 103(A)(1), an alleged error in an evidentiary ruling can not be raised unless a substantial right of a party is affected and a <u>timely</u> objection is made at trial.

The state courts' rulings, therefore, were based on Louisiana law setting forth the procedural requirements for preservation and presentation of claims for appellate review. *See Fisher*, 169 F.3d at 300. It is well settled that this type of "contemporaneous objection" rule is an "independent and adequate" state procedural ground which bars federal habeas corpus review. *Wainwright v. Sykes*, 433 U.S. 72, 87-88 (1977). The ruling, therefore, was independent of federal law and relied strictly on state procedural requirements. *See Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902.

The failure to preserve a claim under La. Code Crim. P. art. 841 has also been repeatedly recognized as an adequate state ground which bars review by the federal courts in a habeas corpus proceeding. *See*, *Toney v. Cain*, 24 F.3d 240, 1994WL243453, at *2 (5th Cir. May 20, 1994) (Table, Text in Westlaw); *Proctor v. Butler*, 831 F.2d 1251, 1253 (5th Cir. 1987); *Riggins v. Butler*, 705 F. Supp. 1205, 1208 (E.D. La. 1989); *Marshall v. Cain*, No. 04-219, 2006 WL 2414073, at *1 (E.D. La. Aug. 18, 2006) (Zainey, J.) (Order adopting Report and Recommendation); *accord*, *Duncan v. Cain*, 278 F.3d 537, 541 (5th Cir. 2002) (citing *Wainwright*, 433 U.S. at 87-88 (Louisiana's contemporaneous objection rule is an adequate state bar to federal review of a defaulted claims)). The procedural bar under La. Code Crim. P. art. 841 is adequate to bar federal habeas review of Carter's claims.

The Court also finds that the contemporaneous objection rule found in La. Code Evid. art. 103(A)(1) is regularly followed by the Louisiana courts to find that a post-verdict review of evidentiary challenges like that raised by Carter are waived where no objection to the introduction of the evidence or the evidentiary ruling was made at trial. *See*, *e.g.*, *State v. Esteve*, 92 So.3d 1058, 1061 (La. App. 1st Cir. 2012) (confrontation clause issue waived with no contemporaneous objection at trial); *State ex rel. L.W.*, 40 So.3d 1220, 1227 (La. App. 1st Cir. 2010) (same); *State v.*

*Johnson*, No. 2007-KA-0634, 2007 WL 2713536, at *3 (La. App. 1st Cir. Sep. 19, 2007) (same); *see also*, *State v. Adams*, 897 So.2d 629, 633-34 (La. App. 1st Cir. 2004) (hearsay); *State v. Brauner*, 782 So.2d 52, 67 (La. App. 4th Cir. 2001) (hearsay); *State v. Young*, 764 So.2d 998, 1005 (La. App. 1st Cir. 2000) (hearsay); *State v. Burmaster*, 710 So.2d 274, (La. App. 3rd Cir. 1998) (hearsay). The bar imposed under La. Code Evid. art. 103(A)(1) is regularly and evenhandedly applied by the state courts, and is adequate to bar review of Carter's arguments to which it was applied.

For the foregoing reasons, the bar imposed on the review of Carter's claims by the Louisiana courts are supported by the record and are adequate to foreclose review by this federal court. Because the Louisiana courts' decisions rested on independent and adequate state rules of procedural default, this Court will not review Carter's claims unless he has established one of the following exceptions.

**B.** **Cause and Prejudice**

A federal habeas petitioner may be excepted from the procedural default rule only if he can show "cause" for his default and "prejudice attributed thereto," or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Glover*, 128 F.3d at 902 (citing *Coleman*, 501 U.S. at 731-32); *Amos*, 61 F.3d at 338-39 (citing *Harris*, 489 U.S. at 262; *see Engle v. Isaac*, 456 U.S. 107, 128-29 & n.33 (1982))

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The mere fact that petitioner or his counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default. *Id*. at 486. Petitioner has not asserted, and the Court's

review of the record does not support a finding, that any factor external to the defense prevented him from raising the claim in a procedurally proper manner. The record also does not reflect any action or inaction on the part of the State which prevented him from doing so.

Should Carter attempt to argue to a reviewing court that his trial counsel was ineffective in failing to make the necessary objections to preserve these claims, such an argument would be unavailing. Carter has not exhausted state court review of any of his ineffective assistance of counsel claims and therefore can not rely on such a claim as cause to excuse the bar. *See Edwards v. Carpenter*, 529 U.S. 446, 452-54 (2000) (requiring exhaustion of a claim of ineffective assistance of counsel as cause for procedural default).

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) (citing *Engle*, 456 U.S. at 134 n.43). Carter's defaulted claims are therefore procedurally barred from review by this federal habeas corpus court. *See Trest v. Whitley*, 94 F.3d 1005, 1008 (5th Cir. 1996) (finding habeas review precluded when petitioner neglected to allege actual prejudice and cause of failure to comply with state procedural rule concerning time restriction on filing for state post-conviction relief), *vacated on other grounds*, 522 U.S. 87 (1998).[24]

Having failed to show an objective cause for his default, the Court need not determine whether prejudice existed, and petitioner has not alleged any actual prejudice. *Ratcliff v. Estelle*, 597 F.2d 474, 477-78 (5th Cir. 1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th Cir. 1977)).

---

[24]The Supreme Court vacated the Fifth Circuit's opinion on grounds that a court of appeals is not <u>required</u> to raise the procedural default argument *sua sponte* but may do so in its discretion. *Id.*

### C.      **Fundamental Miscarriage of Justice**

Carter may avoid this procedural bar only when a fundamental miscarriage of justice will occur if the merits of his claims are not reviewed. *Hogue*, 131 F.3d at 497 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). To establish a fundamental miscarriage of justice, a petitioner must provide the court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986); *accord Murray*, 477 U.S. at 496; *Glover*, 128 F.3d at 902. To satisfy the factual innocence standard, petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt. *Campos v. Johnson*, 958 F. Supp. 1180, 1195 (W.D. Tex. 1997) (footnote omitted); *Nobles*, 127 F.3d at 423 & n.33 (finding actual innocence factor requires a showing by clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."). When the petitioner has not adequately asserted his actual innocence, the procedural default cannot be excused under the "fundamental miscarriage of justice" exception. *Glover*, 128 F.3d at 903.

Carter does not present any claim and the record contains nothing to suggest or establish his actual innocence. His claim instead addresses alleged procedural and evidentiary errors and not his actual innocence. He presents no evidence or argument of the kind of actual innocence that would excuse the procedural default. He, therefore, has failed to overcome the procedural bar to his claims, and his claims should be dismissed with prejudice.

## V.     Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Carter's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[25]

New Orleans, Louisiana, this 30th day of April, 2015.

KAREN WELLS ROBY
**UNITED STATES MAGISTRATE JUDGE**

---

[25] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.